Judge Logan
delivered the opinion of the court.
The appellants having recovered a judgment in an ejectment against Carrol, the appellee, commissioners were appointed under the act “concerning occupying claimants of land,” who having reported agreeably to the provisions of said act, the value of the land and of the improvements; and it appearing therefrom that the value of the improvements exceeded three-fourths of the vajue of the land, the succcessful claimants elected to take the value of the lands.
But pending the contest, one of the heirs having transferred her interest to a third person, the release required by |he act in favor of the occupant was not executed by her. *382 Whereupon the court rendered judgment for the amount of R)e improvements against the successful claimants. From which they prosecutéd this appeal.
ave ⅞ successful cUiumnts In the same su.t, take the val-ueofihekmi, nite "in^the conveyai.cel thry can no1, to pay for a pant of ⅛ ceivepay for part of the. imprav’m’is.
Bibb for appellants, pope for appellee.
The question for our determination is this: ought the release required to have been executed by all of the heirs, or might they sever, and some release and others not?
Fr°m an examination of the law, it appears, that the successful claimant is treated throughout in the singular. That separate judgments upon different elections by them, ¿|oes no{ seeK) ¡0 have been contemplated bv the law: nor can we suppose that it was intended that the occupant should be compelled to take a.part or parts of the land, and become entitled to part or parts of the value of his improvements. Might nine-tenths elect to pay for the improvements, and the remaining one compel the occupant to pay for and hoid oMy his interest in the land? We think not; must be entire, and the release from all, to warrant a judgment for the value of the land against the occupant, and the judgment for the value of the improvements sk°uld also be against all. The sale by some of them, to a third person, ought not to affect the demand of the occupant against them, as well as against the others, for the value off his improvements.
The judgment must be affirmed with cost.